**UNITED STATES DISTRICT COURT**      **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO.  9:25-CR-13(10) |
| | § | |
| CLIFTON COLLIN-DAKOTA SMITH | § | |

### MEMORANDUM AND ORDER

On March 23, 2026, Defendant Clifton Collin-Dakota Smith ("Smith") filed his *pro se* Sentencing Memorandum (#398).  Smith notes that he "tried getting ahold of [his] lawyer on several occas[]ion[s] with no response" and that his "family has tried calling him with no answer, nor call backs."  The court finds that this language falls short of an unequivocal invocation of his right to self-representation.  *Cf. United States v. Sanders*, 843 F.3d 1050, 1055 (5th Cir. 2016) (holding that the defendant made it clear that he wished to represent himself when he expressed his "desire and wish to exercise his right to defend himself").

The memorandum does not bear the signature of Smith's court-appointed counsel.  Defense counsel has informed the court that he does not adopt Smith's filing.  *See Papillion v. Vannoy*, No. 2:16-CV-00273, 2016 WL 7323320, at *2 (W.D. La. Dec. 13, 2016) ("An attorney is not required to adopt a *pro se* motions filed by his client."); *accord Duraso v. Vannoy*, No. 2:17-CV-1530, 2018 WL 3469726, at *12 (W.D. La. June 7, 2018), *adopted by* 2018 WL 3469623 (W.D. La. July 18, 2018).

Without the approval of or the adoption of the filing by defense counsel, Smith is not permitted to file *pro se* pleadings.  "A criminal defendant has no constitutional right to hybrid representation, partly by counsel and partly by himself."  *United States v. Powdrill*, No. 23-10184, 2025 WL 892555, at *2 (5th Cir. Mar. 24, 2025) (quoting *Myers v. Johnson*, 76 F.3d

1330, 1335 (5th Cir. 1996)); *United States v. Risby*, No. 23-11226, 2025 WL 444415, at *1 (5th Cir. Feb. 10, 2025) (holding that "[t]here is no constitutional right to hybrid representations whereby the defendant and his attorney act as co-counsel" (quoting *United States v. Long*, 597 F.3d 720, 723-24 (5th Cir. 2010))); *United States v. Lee*, No. 21-50591, 2022 WL 5102002, at *1 (5th Cir. Oct. 4, 2022); *United States v. Agbonifo,* No. 20-20293, 2022 WL 808001, at *5 (5th Cir. Mar. 16, 2022); *United States v. Jones*, 842 F. App'x 878, 884 (5th Cir. 2021); *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978).  Therefore, the court will not consider Smith's memorandum.  *See Powdrill*, 2025 WL 892555, at *2 (holding that because the defendant was still represented by counsel when he submitted his petition for a writ of mandamus and related motions, he was not entitled to file *pro se* documents); *United States v. Miller*, 54 F.4th 219, 227 (4th Cir. 2022) (noting that "other circuits agree that a defendant has no right to hybrid representation for written motions"); *Jones*, 842 F. App'x at 883 ("When a defendant is represented by counsel, he or she does not have the right to file *pro se* motions."); *United States v. Dale*, 618 F. App'x 494, 498 (11th Cir. 2015) (finding no abuse of discretion where the district court declined to consider defendant's *pro se* motion for new trial while he was represented by counsel); *accord Jimenez*, 744 F. App'x at 867 (holding defendant's *pro se* motion was properly ignored by the court "because [defendant] was represented by counsel when it was filed"); *Robinson v. State*, 240 S.W.3d 919, 923 (Tex. Crim. App. 2007) (holding that "[b]ecause the motion for new trial was presented *pro se* while the appellant was represented by counsel, the trial court was free to rule on it, or disregard it").

Accordingly, it is ordered that Smith's *pro se* Sentencing Memorandum (#398) is stricken from the record.  Smith, however, will be permitted at the sentencing hearing to make a statement

or present any information that he believes may mitigate his sentence in accordance with Federal Rule of Criminal Procedure 32(i)(4).

SIGNED at Beaumont, Texas, this 31st day of March, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE